**Keith D. BAKER, Complainant,**

v.

**KENTUCKY BAR ASSOCIATION, Respondent.**

No. 96–SC–211–KB.

Supreme Court of Kentucky.

Dec. 19, 1996.

———

Keith D. Baker, Lexington, pro se.

Barbara S. Rea, Bar Counsel, Kentucky Bar Association, Frankfort, for Respondent.

## OPINION AND ORDER

The Kentucky Bar Association charged Keith D. Baker with two counts of unethical and unprofessional conduct for violating Supreme Court Rule 3.130–1.1 regarding competence of representation, SCR 3.130–1.3 concerning diligence in representation, and SCR 3.130–1.4(a) pertaining to attorney-client communication. The Board of Governors unanimously found him guilty of the charges and unanimously recommended a one-year suspension.

This disciplinary action stems from Baker's representation of Mr. and Mrs. Robert L. Chappel. In January 1993, after accepting a $400 retainer fee and a $91 filing fee, Baker filed a civil complaint in the Madison Circuit Court on behalf of the Chappels. Baker mailed a copy of the complaint and summons to the Chappels with a letter stating that the defendant had been served. The defendant did not file an answer and, in July 1993, Baker moved for default judgment. Baker also mailed a copy of this motion to the Chappels, but he failed to include any cover letter or further written explanation as to the status of their lawsuit.

On July 8, 1993, another attorney appeared for Baker on the motion for default judgment. The circuit court granted a default judgment to the Chappels and requested a judgment be submitted. However, Baker never submitted a judgment of default to the court, and the record shows that no such judgment was ever entered by the court. Baker took no further action concerning the Chappels' lawsuit. Furthermore, despite the Chappels' repeated attempts to contact Baker for information about their pending lawsuit, he had no face-to-face, telephonic, or written contact with the Chappels after January of 1993, excepting the copy of the motion for default judgment.

Between November 1993 and September 1994, Baker sent letters to the Chappels requesting payment on their alleged "delinquent account" and threatening to take legal action or refer the claim to a collection agency. The Chappels responded by letter, complaining again about Baker's failure to communicate and their understanding that they would not be charged beyond the initial retainer and filing fees. The Chappels remained unaware that the court had granted a default judgment in their favor.

The Board of Governors found Baker guilty of violating the professional rules regarding competence, diligence, and communication to his clients. The evidence is sufficient to sustain the Board's findings that Baker failed to secure entry of a default judgment in his clients' favor as ordered by the circuit court, in violation of SCR 3.130–1.1 and 1.3; and further, that he failed to communicate adequately with his clients, in violation of SCR 3.130–1.4(a).

Having reviewed the Board's decision, and considering complainant's prior disciplinary actions including a nine-month suspension, it is this Court's decision to adopt the Board's recommendations.

Baker has also made a related motion to impose the suspension concurrently or retroactively to the date when he became eligible for reinstatement from his prior suspension. His motion is, hereby, DENIED.

WHEREFORE, IT IS ORDERED that the complainant be, and is hereby, suspended from the practice of law in Kentucky for the period of one year from the date of entry of this order, and until such further time as he is reinstated by order of this Court pursuant to SCR 3.510.

The complainant is hereby directed to pay the costs of this action.

The complainant shall, within ten (10) days of the entry of this order, comply with the notification requirements of SCR 3.390.

All concur.

ENTERED: December 19, 1996

/s/ Robert F. Stephens
Chief Justice